COPE, Judge
(dissenting).
In my view, the State has a legitimate claim of surprise because the trial court placed reliance on testimony adduced at an earlier hearing on a motion for protective order. Both the State and the defense agree that there was no indication, prior to the issuance of the order excluding the statements, that the trial court would rely on any information other than that developed in the evidentiary hearing on the admissibility of the child’s hearsay statements. The State contends that, had it known other material in the file would be relied on, it would have offered additional testimony to explain or otherwise meet that information.
The testimony at the earlier hearing on the motion for protective order included that of the child’s own therapist, who did not testify at the later hearing on the admissibility of the child’s hearsay statements. The therapist’s testimony was undoubtedly highly persuasive to the trial *325 court, and was cited in the court’s ruling. There was a difference between the issue presented by the proceedings on the motion for protective order (whether testifying in court or at deposition would be psychologically harmful to the child) and the issue presented in the proceedings on the admissibility of the child’s hearsay statements (whether the child’s out-of-court statements were sufficiently reliable to allow their introduction at trial), and there was an interval of three months between the hearings. The ruling on the instant motion is likely dispositive of the entire case. I would vacate the order under review so that the trial court may reopen the record and permit the parties an opportunity to present additional evidence on those matters relied on by the trial court but not addressed at the evidentiary hearing on the motion to exclude the hearsay statements.